**Benjamin B. JACKSON, M.D., Plaintiff-Appellant,**

v.

**Leo T. WOLFORD, Defendant-Appellee.**

**No. 72–1001.**

United States Court of Appeals, Sixth Circuit.

May 9, 1972.

Benjamin B. Jackson, M.D., in pro. per.

Ben T. Cooper, Louisville, Ky., for defendant-appellee; Albert F. Reutlinger, Mayer, Cooper & Kiel, Louisville, Ky., on brief.

Before CELEBREZZE, McCREE, and KENT, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of an amended complaint seeking relief under the civil rights statute. The complaint, construed in the light most favorable to appellant and with all doubts resolved in his favor, alleged that the lawyer whom appellant employed to represent him in a dispute with the medical staff of Norton Memorial Infirmary in Louisville, Kentucky conspired with the hospital, with the consequence that his hospital affiliation was terminated. He asserted that the hospital acted under color of state law because it received assistance from federal Hill-Burton funds, a Federal Housing Administration loan, and enabling state legislation.

**320**

The District Court held that it was without jurisdiction because (1) 28 U.S.C. § 1343(3), the jurisdictional statute, applies only if personal rights as contrasted with property rights, are impaired; (2) because the complaint failed to allege a deprivation under color of state law of plaintiff's constitutional rights, and (3) because the conduct of the attorney was not alleged to have been performed by a person acting under color of law.

We affirm because the complaint does not allege a conspiracy to violate any rights protected by 42 U.S.C. § 1985. In affirming, we observe that, since the District Court's memorandum and order entered November 4, 1971, the Supreme Court in Lynch v. Household Finance Corporation, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), held that there is no distinction between personal liberties and property rights with respect to jurisdiction under 28 U.S.C. § 1343(3). In affirming the disposition below, we intimate no opinion about the merits of appellant's contentions.

Affirmed.